Steven J. Parsons
Nevada Bar No. 363
Joseph N. Mott
Nevada Bar No. 12455
LAW OFFICES OF STEVEN J. PARSONS
7201 W Lake Mead Blvd Ste 108
Las Vegas NV 89128-8354
(702) 384-9900
(702) 384-5900 (fax)
Steve@SJPlawyer.com
Jmott@SJPlawyer.com

Attorney for Plaintiff
**L.A. PACIFIC CENTER, INC.**

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| **L.A. PACIFIC CENTER, INC.**, a Nevada corporation,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>**THE CHARTER OAK FIRE INSURANCE COMPANY**, a Connecticut corporation,<br><br>　　　　　Defendant. | Case No. **2:14-cv-01977-(GMN)-(VCF)**<br><br>_REVISED_ STIPULATED DISCOVERY PLAN<br>and<br>PROPOSED SCHEDULING ORDER<br>(in response to Docket No. 15)<br><br>(Special Scheduling Review Requested) |

1.   MEETING

Pursuant to Fed. R. Civ. P. 26(f) and LR 26-1(e), Joseph N. Mott of LAW OFFICES OF STEVEN J. PARSONS, counsel for Plaintiff **L.A. PACIFIC CENTER, INC.** and Casey Perkins of SNELL & WILMER, counsel for **THE CHARTER OAK FIRE INSURANCE COMPANY** met on January 22, 2015 and discussed the merits and proposed scheduling for this case, and the parties agree as follows:

2.   INITIAL DISCLOSURES

The parties will exchange their initial disclosures in accordance with Fed. R. Civ. P. 26(a) no later than Monday February 16, 2015.

3.   DISCOVERY PLAN

　　　　A.   SUBJECTS OF DISCOVERY: Discovery may be conducted on all matters

_Law Offices of Steven J. Parsons_
_7201 W. Lake Mead Blvd., Ste. 108_
_Las Vegas, Nevada 89128-8354_
_(702)384-9900; fax (702)384-5900_
Steve@SJPlawyer.com

Page 1 of 4

1   pursuant to Fed. R. Civ. P. 26(b).

2         **B.**   <u>**DISCOVERY CUT-OFF DATE**</u>: The plan is in general accordance with LR
3   26-1(e)(1), and the parties request two hundred seventy one (271) days to conduct percipient
4   witness discovery measured from December 11, 2014 when Defendant first appeared in this
5   case by filing its Answer to Plaintiff's Amended Complaint. (The two hundred seventieth day
6   otherwise falling on a holiday. The last proposed day of discovery of percipient witnesses shall
7   be Tuesday, September 8, 2015.)

8         **C.**   <u>**FED. R. CIV. P. 26(a)(2) DISCLOSURES (EXPERTS)**</u>: Disclosure of
9   experts shall proceed according to Fed. R. Civ. P. 26(a)(2) except that:
10        i. The disclosure of experts and expert reports shall occur on
11  Wednesday, June 10, 2015, which is ninety (90) days before the discovery cut-off date;
12        ii. The disclosure of rebuttal experts shall occur on Friday,
13  July 11, 2015, which is thirty (30) days after the disclosure of experts and sixty (60)
14  days before discovery cut-off.

15  **4.**   <u>**AMENDMENT OF THE PLEADINGS AND ADDING PARTIES**</u>
16  The parties shall have until Wednesday June 10, 2015 to file any motion to amend the
17  pleadings or to add parties. This is ninety (90) days before the discovery cut-off, which is in
18  accordance with LR 26-1(e)(2).

19  **5.**   <u>**INTERIM STATUS REPORTS**</u>
20  The parties shall file their interim status report required by LR 26-3 by Friday, July 11,
21  2015, which is sixty (60) days before the discovery cut-off date.

22  **6.**   <u>**DISPOSITIVE MOTIONS**</u>
23  The parties shall have until Thursday, October 8, 2015 to file dispositive motions, which
24  is thirty (30) days after the close of discovery.

25  **7.**   <u>**SETTLEMENT**</u>
26  The likelihood of settlement cannot be presently established. The parties have
27  discussed settlement prospects, and in past cases, have continued that discussion through

all proceedings.

8. **PRETRIAL ORDER**

The pretrial order shall be filed Monday, November 9, 2015, which is thirty (30) days after the date set for filing dispositive motions in this case. This deadline is suspended if a dispositive motion is timely filed.

9. **FED. R. CIV. P. 26(a)(3) DISCLOSURES**

The disclosures required by this rule and any objections shall be included in the pretrial order.

10. **REASONS FOR REQUESTED SPECIAL SCHEDULING REVIEW**

Plaintiff's Complaint alleges that Charter Oak underwrote and issued an insurance Policy to L.A. Pacific, which provided, among other things, commercial property coverage (the "Policy"). Plaintiff alleges that a building insured under the Policy sustained significant structural damage following a leak in a water supply line in June of 2012, that it submitted a claim related to that damage, and that Charter Oak failed to conduct an adequate investigation before denying that claim.

This case will require discovery regarding not only complex engineering issue regarding causation and related insurance coverage questions, but also Plaintiff's allegations regarding the handling and denial of Plaintiff's claim.

The Parties' counsel work very well together in litigation, but it is anticipated that difficult travel and scheduling issues will pervade, especially in deposing what will likely be the universe of witnesses outside of this District. Additionally, reconstruction and repairs of the damages to Plaintiff's real property, foundation, and fixtures has not yet been contracted, hence some issues for damage calculation and some defenses thereto are not yet patent and fixed.

For these reasons, the parties are asking for a 270-day discovery period to complete at least the following discovery, which includes:

(a)  A detailed investigation must be conducted with regard to the cause of the

alleged structural damage, as well as the valuation of that damages;

    (b)    Both parties intend to serve written discovery, including potential third-party discovery;

    (c)    Depositions of fact witnesses, including, but not limited to, the following people:

        i.    Principals, employees and/or agents of L.A. Pacific;

        ii.    Travelers' employees, including claims specialists who handled L.A. Pacific's claim (certain of those' employees live and work outside of this District, which will result in the need to coordinate travel schedules as well as availability of the deponents);

    (d)    Expert witnesses in the fields of, among others, structural engineering or other engineering specialties, building and construction costs, and insurance coverage, will need to be retained to investigate the cause of the alleged damage, and also to evaluate the scope and extent of the alleged damages; and

    (e)    Following the expert disclosure deadline, the parties will need time to depose all of these expert witnesses.

Dated: February 6, 2015.

| LAW OFFICES OF STEVEN J. PARSONS | SNELL & WILMER |
|---|---|
| /s/ Joseph N. Mott | /s/ Casey G. Perkins |
| JOSEPH N. MOTT | CASEY G. PERKINS |
| Nevada Bar No. 12455 | Nevada Bar. No. 12063 |
| Attorney for Plaintiffs | Attorney for Defendant |
| **L.A. PACIFIC CENTER, INC.** | **THE CHARTER OAK FIRE INS. CO.** |

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE
DATED: 2-9-2015

Law Offices of Steven J. Parsons
7201 W. Lake Mead Blvd., Ste. 108
Las Vegas, Nevada 89128-8354
(702)384-9900; fax (702)384-5900
Steve@SJPlawyer.com

Page 4 of 4